UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KATHRYN DAILEY,

    Plaintiff,

v.

MIKE HATOOR, ROB PENNOCK,
DAVID POOLE and CITY OF BEND,
OREGON,

    Defendants.

Case No. 6:14-cv-01012-AA

OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit against the City of Bend and several law enforcement officers alleging excessive force and false arrest claims against the individual defendants under 42 U.S.C. § 1983 and a battery claim against the City of Bend under state law. Plaintiff now moves for summary judgment on her excessive force claims and defendants move for summary judgment on plaintiff's false arrest claims. The motions are denied.

1   - OPINION AND ORDER

## BACKGROUND

Plaintiff is a 38-year-old woman and physical therapist who lives in Bend, Oregon. Accordingly to plaintiff, she is five feet, two inches tall, and weighs approximately 120 pounds. Individual defendants Hatoor, Pennock and Poole are law enforcement officers for the City of Bend.[1]

During the evening of December 13, 2013, plaintiff joined some friends at the Velvet Lounge in downtown Bend. While she was there, her friend, Mark Wirges, was involved in an altercation with other bar patrons. Wirges threw either a glass or beer bottles at two patrons, causing the patrons to suffer head wounds and bleed profusely. See Hatoor Decl. Ex. 101 at 1-4; Franz Decl. Ex. 107 at 25 (Wirges Dep.) (referring to incident as "a drastic event" because "those guys were cut and they were bleeding profusely").

Security personnel for the Velvet Lounge called the police and instructed Wirges to "wait here" when Wirges attempted to leave the bar. Wirges Dep. at 23. Instead, Wirges and plaintiff walked down a narrow hallway and entered a restroom. Shortly thereafter, police arrived at the Velvet Lounge and attempted to locate Wirges. Police officers were directed to the restroom, and they knocked on the door. Plaintiff opened the door, and Wirges was identified by security personnel as the perpetrator of the assault.

---

[1] The caption for plaintiff's motion for partial summary judgment also names Tom Pine and James Kinsella as individual defendants. However, plaintiff's complaint caption identifies only Hatoor, Pennock and Poole as individual defendants, and it appears plaintiff served only these defendants. Compl. at 1; docs. 12, 14-15. Plaintiff did not seek to amend her complaint to add Pine or Kinsella, and she alleges no claims against them as individuals. Compl. at 4-5. Though Pine and Kinsella are identified in the text of plaintiff's battery claim, that claim is not brought against them; it is brought against the City of Bend. Compl. at 6.

The subsequent events are disputed by the parties. Plaintiff alleges that after she opened the bathroom door, she held up her hands and said "whoa, whoa" as two officers reached around her and tried to grab Wirges. Franz Decl. Ex. 105 at 8 (Dailey Dep.). Plaintiff maintains that the officers did not identify themselves and simply grabbed Wirges. Dailey Dep. at 9-10. Plaintiff concedes that at one point she "attempted to pull Mr. Wirges back because she knew Mr. Wirges was adrenalized and irrational." Pl's Am. Motion at 4; *see also* Dailey Dep. at 11, 92. Plaintiff contends that Ofc. Hatoor then pulled her out of the bathroom by her purse strap and threw her to the ground, with her head slamming against the concrete floor. Dailey Dep. at 40-41. Plaintiff alleges that she arose from the floor and raised her hands, at which time Ofc. Hatoor struck her in the face with a closed fist and knocked her to the ground again. *Id.* at 46-48. Plaintiff was then arrested. Plaintiff maintains that she would have removed herself from the situation in the bathroom and hallway if given the opportunity by police officers. *Id.* at 79.

Defendants present a different account of the events in question. Defendants maintain that officers entered a crowded and noisy bar, with some people expressing hostility towards them. Hatoor Decl. at 3; Franz Decl. Ex. 104 at 28 (Hatoor Dep.); Franz Decl. Ex. 106 at 21-22 (Kinsella Dep.). Defendants contend that after the bathroom door opened and Wirges was identified, Sgt. Pine told Wirges that he was under arrest and to place his hands behind his back. Hatoor Dep. at 37; Franz Decl. Ex. 110 at 37 (Pine Dep.). Wirges resisted, cursing at the officers, and they attempted to pull him out of the bathroom. Hatoor Decl. at 3; Kinsella Dep. at 31. During this time, defendants contend that plaintiff was combative, aggressive, and screaming loudly at the officers. *E.g.* Pine Dep. at 44; Hatoor Decl. at 3.

Defendants maintain that plaintiff interfered with the arrest of Wirges by trying to position herself between Wirges and the officers and screaming at them. Hatoor Dep. at 39-41.

3 - OPINION AND ORDER

Defendants allege that plaintiff ultimately lunged over Wirges as officers attempted to pull him out of the bathroom, and she struck Ofc. Kinsella in the face, causing his nose to bleed. Hatoor Decl. at 3; Hatoor Dep. at 42-43, 62; Kinsella Dep. at 33-35; Pine Dep. at 52; Franz Decl. Ex. 108 at 50-53 (Pennock Dep.). Ofc. Hatoor then grabbed plaintiff and pulled her away from Wirges and the other officers. Ofc. Hatoor concedes that plaintiff fell to the ground. Hatoor Decl. at 3; Hatoor Dep. at 45-46. Defendants assert that plaintiff then rushed toward Officers Hatoor and Pennock, screaming, cursing and "swinging punches." Defs.' Response at 12; Hatoor Decl. at 4; Kinsella Dep. at 37; Pennock Dep. at 63-64, 66-67. Ofc. Hatoor states that he raised his left hand to block plaintiff's fist and instinctively struck out with his right hand as plaintiff rushed towards them. Hatoor Decl. at 4; Hatoor Dep. at 46-47. Ofc. Hatoor's right hand struck plaintiff's face. *Id.*; *see also* Pennock Dep. at 70. Ofc. Hatoor claims he did not have time to think before reacting and that he did not intentionally strike plaintiff. Hatoor Decl. at 4; Hatoor Dep. at 46-47.

Plaintiff was then arrested by the officers, and according to defendants, continued to resist as she was carried out of the Velvet Lounge. Hatoor Dep. at 65-66, 84; Kinsella Dep. at 41; Pennock Dep. at 79, 91, 100. Defendants maintain that after she was taken outside of the bar, plaintiff apologized to Ofc. Kinsella for hitting him. Kinsella Dep. at 39-40. Plaintiff sustained a fracture to her orbital lobe as a result of being struck by Ofc. Hatoor.

The parties agree that the incident occurred in a very short period of time, up to a minute at most. Ultimately, plaintiff received a citation for interfering with a police officer, resisting arrest, and assaulting a police officer. Franz Decl. Ex. 102. The charges were dismissed pursuant to a plea agreement requiring plaintiff to perform community service. *Id.* Ex. 103.

On June 23, 2014, plaintiff filed the instant action.

DISCUSSION

Plaintiff contends that her version of events entitles her to summary judgment on her excessive force claim against Ofc. Hatoor. In particular, plaintiff argues that Ofc. Hatoor's "grabbing of plaintiff and throwing her violently to the concrete floor" and his "closed fist punch to plaintiff's face" constituted excessive force under the circumstances. Pl.'s Am. Motion at 2. In response, Ofc. Hatoor contends that genuine issues of material fact preclude summary judgment. Fed. R. Civ. P. 56(a). Further, defendants argue that they are entitled to summary judgment on plaintiff's false arrest claim pertaining to interference with an officer, given plaintiff's admission that she was attempting to pull Wirges away from the officers when they were attempting to detain him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under the totality of the circumstances. *Scott v. Harris*, 550 U.S. 372, 381, 383 (2007); *Graham v. Connor*, 490 U.S. 386, 397 (1989). "Determining whether a particular use of force is reasonable requires a fact-finder to balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Boyd v. Benton Cnty.*, 374 F.3d 773, 778-79 (9th Cir. 2004) (quoting *Graham*, 490 U.S. at 396); *see also Scott*, 550 U.S. at 383. Importantly, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Thus, the balance of interests "must be 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Boyd*, 374 F.3d at 779 (quoting *Graham*, 490 U.S. at 396).

When assessing an excessive force claim, relevant factors the court should consider include: 1) the severity of the crime or situation; 2) whether the plaintiff posed an immediate threat; 3) whether the plaintiff was actively resisting arrest or attempting to evade arrest; 4) the nature of the circumstances in which the officer had to determine the type and amount of necessary force; and 5) the availability of alternative methods to subdue the plaintiff. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005); *see also Graham*, 490 U.S. at 396. The reasonableness of an officer's use of force is highly fact-dependent, and parties are rarely entitled to summary judgment on an excessive force claim. *Smith*, 394 F.3d at 701.

This is not one of the rare cases where either party is entitled to summary judgment. Plaintiff and defendants present vastly different versions of her interactions with officers, and resolution of plaintiff's claim will involve issues of credibility. Plaintiff contends that Ofc. Hatoor threw her to the ground and punched her in the face with little or no provocation, and that the force against her was unnecessary and excessive under the circumstances. In contrast, defendants maintain that plaintiff was combative, interfered with the arrest of Wirges in a crowded bar and narrow hallway, struck Ofc. Kinsella in the head, and rushed towards officers while wildly swinging her arms. Defendants maintain that Ofc. Hatoor simply attempted to extricate plaintiff from the scene and unintentionally hit her face when she ran toward him. Clearly, the parties' arguments and the evidence submitted raise genuine issues of material fact regarding the severity of the situation facing the officers, the degree of threat posed by plaintiff, the nature of plaintiff's resistance to or interference with officers, the circumstances in which officers had to consider the amount of force used, and whether alternative methods could have subdued plaintiff.

Plaintiff nonetheless contends that the officers' accounts are self-serving and inconsistent with other witness accounts.[2] However, on a motion for summary judgment, it is well established that the court must construe the facts in the light most favorable to the non-moving party; i.e., the defendants. *Scott*, 550 U.S. at 378; *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Moreover, issues of credibility and factual consistency must be resolved by the fact-finder at trial, not by this court as a matter of law on summary judgment. *Smith*, 394 F.3d at 701 (summary judgment on excessive force claims "should be granted sparingly... because such cases almost always turn on a jury's credibility determinations"). Therefore, questions of fact preclude summary judgment on plaintiff's excessive force claim.

For the same reasons, I find summary judgment on plaintiff's false arrest claim inappropriate, as her allegations place in question the reasonableness of the officers' actions and beliefs regarding the lawfulness of her actions. *See Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012). Granted, plaintiff's admission that she tried to pull Wirges away from officers - after Wirges assaulted two bar patrons who were bleeding from head injuries - could establish that officers had probable cause to arrest her for interfering with a police officer. *See* Or. Rev. Stat. § 162.247(1)(a) (a person commits the crime of interfering with a police officer if the person "intentionally acts in a manner that prevents, or attempts to prevent," a police officer "from performing the lawful duties of the officer with regards to another person"). Further, contrary to

---

[2] In support of her reply, plaintiff submits an excerpt of a police investigative report regarding the officers' use of force against plaintiff. *See* Brandt Decl. Ex. 3 (filed under seal). Plaintiff relies on several witness statements contained in the report to bolster her version of events. While the report itself may be admitted as an exception to the hearsay rule, the witness statements within the report are offered for their truth and must fall within a recognized hearsay exception to be admissible. Fed. R. Evid. 805 (hearsay within hearsay requires each part of the combined statements to conform with an exception to the hearsay rule). Regardless, the witnesses' statements conflict with those of the officers and only emphasize the disputed issues of fact that preclude summary judgment.

7 - OPINION AND ORDER

plaintiff's position, I do not find it decisive that officers may not have announced their presence at the bathroom door; the lack of announcement would not have excused interference with the officers under the circumstances. Wirges had committed an assault and went inside the bathroom instead of waiting in the bar area; he conceded that he was expecting the arrival of police officers. Wirges Dep. at 23-25. Nonetheless, questions of fact regarding the totality of the circumstances facing the officers weigh against granting summary judgment on plaintiff's false arrest claim.

## CONCLUSION

Plaintiff's and defendants' cross motions for partial summary judgment (doc. 33, 40) are DENIED. Plaintiff's Motion to Strike (doc. 66) is DENIED as moot. The parties are instructed to contact Paul Bruch, courtroom deputy for U.S. Magistrate Judge Thomas Coffin, at 541-431-4111 to schedule a settlement conference.

IT IS SO ORDERED.

Dated this 23RD day of February, 2016.

_____
Ann Aiken
United States District Judge